Argued and submitted September 17, 2020, reversed and remanded
December 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLINTON JOSEPH HYLTON,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR07731; A171378

501 P3d 1081

Thomas O. Branford, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Brewer, Senior Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

A jury found defendant guilty of two counts of first-degree rape (Counts 1 and 2), ORS 163.375; two counts of second-degree sexual abuse (Counts 3 and 8), ORS 163.425; one count of application of a Schedule I controlled substance to the body of another person (Count 5), ORS 475.910; one count of third-degree sodomy (Count 7), ORS 163.385; three counts of delivery of a controlled substance to a minor (Counts 9, 10, and 11), ORS 475.906; and one count of endangering the welfare of a minor (Count 12), ORS 163.575.[1] Not all of the verdicts were unanimous. Defendant appeals, raising three assignments of error. We briefly address defendant's first assignment of error below. Our disposition of that assignment obviates the need to address defendant's third assignment, which asserts error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires unanimous jury for conviction of serious offense). We reject defendant's second assignment of error without discussion.

A detailed discussion of the facts would be of little benefit to the bench, bar, or public. The charges arose out of two incidents in which defendant was alleged to have sexually abused a minor. It was also alleged that, throughout the relevant period, defendant supplied the minor with controlled substances and, on one occasion, forcefully injected the minor with a controlled substance. In the state's opening statement at trial, the prosecutor commented on defendant having invoked his right to remain silent during questioning by the investigating detective. The trial court immediately admonished the jury to disregard any reference to defendant's invocation of his rights. Later, the state elicited testimony from the detective that again referenced defendant's invocation of the right to remain silent. The trial court reiterated to the jury that it was not to draw an adverse inference from defendant's invocation, and, after denying defendant's motion for a mistrial, did so a third time in a lengthy colloquy.

---

[1] The trial court merged the guilty verdicts on Count 1 and 3 with the conviction on Count 2. The court also merged the guilty verdict on Count 7 with Count 8.

In his first assignment of error, defendant contends that the trial court erred in denying his motion for a mistrial. In particular, defendant argues that he was denied a fair trial because the state elicited testimony that effected a comment on defendant's right to remain silent. Defendant further contends that the trial court's curative instructions were insufficient to remedy the prejudicial effect of the improper comment. Having reviewed the briefing, the relevant portions of the record, and the applicable law, we agree. We therefore reverse and remand.

"We review the denial of a motion for a mistrial for abuse of discretion, reversing only if the defendant was denied a fair trial." *State v. Hunt*, 297 Or App 597, 600, 442 P3d 232 (2019) (internal citation omitted). A defendant's ability to have a fair trial may be prejudiced when a prosecutor or a witness references the defendant's invocation of a constitutional right and that reference "raises the impermissible inference that the defendant did so because he or she was guilty." *Id.* at 600-01 (internal citation omitted). When such prejudicial inferences are likely, "[t]here is no doubt that it is usually reversible error" to admit the testimony. *State v. Smallwood*, 277 Or 503, 505-06, 561 P2d 600, *cert den*, 434 US 849 (1977). On this record, we conclude that there was a high likelihood that the jury drew an adverse inference of guilt. The jury was informed that defendant had invoked his right to remain silent in response to the detective "pressing further" after receiving answers to his initial questions. A jury would likely draw the inference that defendant invoked the right to remain silent because he had something to hide. The testimony elicited from the investigating detective was specifically focused on defendant's response to police questioning. *See Hunt*, 297 Or App at 604 (finding a reference prejudicial under analogous circumstances where the reference was not incidental but the primary focus of the prosecutor's line of questioning). Further, "[b]ecause nothing in the context diverted the jury's attention away from that inference, we cannot say that it is unlikely that the jury drew it." *State v. Veatch*, 223 Or App 444, 460, 196 P3d 45 (2008).

However, even a high likelihood that the jury will draw an adverse inference of guilt does not always

necessitate a mistrial. In some cases, "the prejudicial effect may be cured by an appropriate jury instruction." *Id.* at 458 (internal citation omitted). "The dispositive question on this issue" is "whether the purportedly curative instruction was sufficient to unring the bell." *State v. White*, 303 Or 333, 342, 736 P2d 552 (1987). Despite the trial court's considerable effort to cure the prejudicial effect, we are not satisfied that the instructions in this case "achieve[d] the difficult—perhaps impossible—task of negating the inference that the defendant invoked his or her rights because of his or her consciousness of guilt." *Hunt*, 297 Or App at 606 (internal citation omitted). Indeed, under the circumstances, the trial court's well-intended efforts to address the issue may well have exacerbated the adverse effect of the improper references. During the court's second admonition to the jury, the court explicitly described the adverse inference of guilt that the jury might reasonably draw from defendant's invocation of the right to remain silent. And the court's remaining explanation, though correctly stating that it would be improper for the jury to consider the exercise of a constitutional right, served only to tell the jury that the testimony was irrelevant to their determination. In other words, we cannot say that the adverse inference was sufficiently negated. *See id.* (noting that "[i]nstructing the jury to consider the testimony 'irrelevant' to their deliberations is not enough") (internal citation omitted). Accordingly, we conclude that the trial court erred in denying defendant's motion for a mistrial.

Reversed and remanded.